# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02681-FWS-MBK | Date | September 16, 2026 |
| Title | Juan F. Gonzalez v. Riverside Sheriff's Office | | |

| | |
|---|---|
| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff: | Attorneys for Defendant: |
| n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE

This is a civil rights action. Juan F. Gonzalez, a state prisoner at Chino State Prison, filed a Complaint on September 15, 2025, naming Riverside Sheriff's Office as the sole defendant. Dkt. 1. On the same date, Plaintiff moved for leave to proceed in forma pauperis ("IFP"). Dkt. 2. On April 22, 2026, the Court granted Petitioner's request to proceed IFP. Dkt. 17. On that date, the Court also ordered service of the summons and complaint on Defendant *via* the United States Marshal Service ("USMS"). Dkt. 18. On May 1, 2026, the USMS filed a return receipt indicating that a Deputy United States Marshal had served the documents on J. Lemler, a sheriff's clerk, at 9:31 that morning. Dkt. 22. On May 27, 2026, Plaintiff updated his address to Chino State Prison. Dkt. 25. On September 4, 2026, Plaintiff filed a letter asking for the Court's guidance or an attorney's assistance in maintaining his case. Dkt. 26. To date, Defendant has not appeared in the case or answered the Complaint.

Even though Defendant failed to respond to the Complaint, Plaintiff has not sought a default or otherwise sought to bring this case towards a resolution. Plaintiff is therefore ordered to show cause, meaning explain in writing, why the case should not be dismissed for lack of prosecution. Plaintiff's response to this Order is due on or before **October 16, 2026**.

If Plaintiff intends to seek a default, Plaintiff may comply with this Order by filing a request for entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). *See also* See L.R. 55-1 ("When application is made to the Court for a default judgment, the application shall be accompanied by a declaration in compliance with F. R. Civ. P. 55(b)(1) and/or (2) and include the following: (a) When and against what party the default was entered; (b) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02681-FWS-MBK | Date | September 16, 2026 |
| Title | Juan F. Gonzalez v. Riverside Sheriff's Office | | |

identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by F. R. Civ. P. 55(b)(2).")

**The Clerk is ordered to serve a copy of: (1) this Order: (2) Federal Rule of Civil Procedure, Rule 55, and (3) Central District Local Rule 55-1 on Plaintiff.**

**The Clerk is also ordered to send a copy of this Order to the defendants listed at the addresses provided on their waiver of service form, as well as to Attorney for County of Riverside:**

Allen Christiansen
Cole Huber LLP
2855 East Guasti Road, Suite 402
Ontario, CA 91761-1252

**IT IS SO ORDERED.**